UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.   : | CASE NO. 21-CR-640-TJH |
| : | |
| GEORGE AMOS TENNEY III and  : | |
| DARRELL ALAN YOUNGERS,   : | |
| : | |
| Defendants.  : | |

### UNITED STATES' UNOPPOSED MOTION TO
### EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to exclude the time between today's date and the arraignment from the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).   In support of its motion, the government states as follows:

### FACTUAL BACKGROUND

The defendants were charged by complaint on June 28, 2021 with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.   ECF No. 1.   In brief, on that date, the defendants entered the U.S. Capitol together and made their way to the East Foyer, where defendant Tenney confronted members of the U.S. Capitol Police and an employee of the House Sergeant at Arms as he fought to open the East Rotunda Doors and allowed the rioters amassed outside to enter the Capitol.

On October 22, 2021, the grand jury returned an indictment charging defendant Tenney with one violation of 18 U.S.C. § 111(a)(1) (assault, resisting, or impeding certain officers), one

violation of 18 U.S.C. § 231(a)(3) (civil disorder), one violation of 18 U.S.C. 1512(c)(2) (obstruction of an official proceeding) and six misdemeanors.  ECF No. 25.  The indictment also charges defendant Darrell Youngers with four misdemeanors.  *Id.*  On October 27, 2021, the Court contacted the parties to inquire about availability for an arraignment on November 15.

As detailed in the four discovery status reports filed by the government (on July 13, August 30, September 17, and October 25), the January 6 Capitol riot has generated a massive amount of potentially discoverable data, including thousands of hours of video, and the government has worked diligently to produce this data to defendants, and continues to do so.  Since filing the complaint, the government has produced substantial discovery obtained through its investigation of Tenney and Youngers, including Capitol Police security footage, materials obtained from defendants' social media accounts, FBI-302 reports from interviews of U.S. Capitol Police and other witnesses, search warrants, and open-source video.  The government has also begun providing the voluminous discovery (i.e., items being produced across Capitol breach cases, not just to Tenney and Youngers), as described in the four status reports.

The parties last appeared at a status hearing before Magistrate Judge Faruqui on September 13, 2021, who excluded time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until November 15, 2021, with all parties' consent.[1]  Both defendants have remained on pretrial release throughout the pendency of these proceedings.

---

[1] Because the case had not been indicted, Magistrate Judge Faruqui's September 13 exclusion tolled the "30-day clock" – the time within which the Speedy Trial Act requires the government to charge a defendant by indictment or information under 18 U.S.C. § 3161(b).  The "70-day clock" – the time within which the trial must commence – arguably started running when the indictment was filed, *see* 18 U.S.C. § 3161(c)(1), so the government is bringing this motion to exclude time until the arraignment date.

## ARGUMENT

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a

> whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The January 6 riot at the U.S. Capitol is likely the most complex investigation ever prosecuted by the Department of Justice. As the four discovery status memoranda detail, the complicated process of developing and implementing systems for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such system will be workable for both the government and defense, has taken and will continue to take time. Moreover, the government has already produced substantial discovery in this case, including materials being provided across Capitol riot cases and materials specific to this case, and the defense needs time to review that discovery. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that courts have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense

counsel and the government time to both produce discovery and review discovery"). Now that an indictment has been returned, a continuance will also allow the parties time to determine whether it is possible to resolve this case without going to trial.

In sum, due to the number of individuals currently charged across the Capitol riot investigation and the nature of those charges, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties, taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

Government counsel notified the defendants of the filing of this motion, and counsel for both defendants consented to the motion.

WHEREFORE, the government respectfully requests that this Court grant the motion to exclude the time between today's date and the arraignment date under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        DC Bar No. 415793


By:          /s/
        Alexis J. Loeb
        Assistant United States Attorney
        CA Bar No. 269895
        450 Golden Gate Avenue, 11th Floor
        Alexis.loeb@usdoj.gov
        (415) 436-7168