**THOMAS F. HOGAN, UNITED STATES DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Docket No.: 0090 1:21CR00640-001 |
| | : | |
| vs. | : | Disclosure Date: <u>November 3, 2022</u> |
| | : | |
| Tenney, George | : | |

## PARTIES OBLIGATION AND RESPONSE TO PRESENTENCE REPORT

Pursuant to Fed. Rules of Crim. Proc. Rule 32(f)(1) and (2), the parties shall submit any material inaccuracies or disputes to the presentence investigation report (PSR), by **<u>November 17, 2022</u>** This form and/or objections to the PSR shall be filed via CM/ECF.

Note: The probation office never includes information about 18 USC § 3553(e) or USSG § 5K1.1, pursuant to Rule 32(c)(3).

### For the Government

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSR.

### For the Defendant

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSR.

### Restrictions on Use and Redisclosure of Presentence Report

The presentence investigation report and this form are not public documents.

It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | Criminal. No.: 1:21-cr-640 |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE TENNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPPOSITION TO PRESENTENCE INVESTIGATION REPORT**

The Defendant, by and through undersigned counsel, objects to a material inaccuracy in the presentence investigation report (PSR), dated November 3, 2022.

Specifically, the Defendant objects to paragraph 55 of the presentence report. Paragraph 55 provides an 8-level enhancement under United States Sentencing Guidelines, §2J1.2(b)(1)(B) for "causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice…"

This objection is based on video evidence and statements from government witnesses provided to the defense by the government. The government's video evidence does not show any conduct from the Defendant which causes or threatens to cause physical injury or property damage. Rather, the evidence shows incidental physical contact between the Defendant and Capitol Police in a crowded and chaotic situation.

Based on handwritten notes from the government's witness interviews, the Capitol Officers who are alleged to be the victims of the assaults stated they did not

have any specific recollection of the Defendant's words or actions, other than one Officer recalling that the Defendant may have said, "this is our house," and/or, "we're on your side." Furthermore, they do not allege that they suffered any physical injury as a result of Mr. Tenney's actions.

There is also nothing in the record to indicate that the physical contact between the Defendant and Capitol Officers was undertaken to "obstruct the administration of justice." Rather, the video evidence shows an extremely chaotic and volatile situation outside the rotunda doors and the Defendant attempting to open the doors, at one point to allow a person inside who appears to be in physical distress from the effects of tear gas or pepper spray.

The Defendant therefore objects to the 8-level enhancement provided in paragraph 55 of the PSR and asks this Honorable Court to adopt the lower guideline range of 15 – 21 months based on an offense level 14 and criminal history category I.

        Respectfully submitted,
        *s/Charles W. Cochran*
        Charles W. Cochran
        Assistant Federal Public Defender
        Charleston, South Carolina
        (843) 727-4148

November 17, 2022