IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | Criminal. No.:  1:21-cr-640 |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE TENNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Response to Government's Sentencing Memorandum**

The government's request of 48 months' incarceration for George Tenney is grossly excessive in light of sentencing factors under 18 U.S.C. § 3553(a) and the government fails to justify the disparity between this request and the probationary sentence given to the co-defendant.

The only explanation provided by the government for the disparity between the co-defendant Darrell Youngers and Mr. Tenney is to claim that Mr. Youngers "hung back while Tenney ran ahead and joined a group of rioters…" ECF No. 73 at pg. 8. This characterization is in direct conflict with the facts. Mr. Tenney and Mr. Youngers entered the Capitol at the same time. After entering the Capitol, Mr. Youngers picked up a piece of broken glass, supposedly as a "souvenir." Mr. Youngers then screamed, "this is what a revolution mother fucking looks like." ECF No. 73 at pg. 10. They both entered the rotunda. Both had incidental physical contact with the Capitol police officer referred to as B.A. Mr. Youngers clearly grasped B.A.'s arm and pulled it off of Mr. Tenney. ECF No. 73 at pg. 20. This

contact was non-threatening and did not cause injury, and it was rightly not considered as such in Mr. Youngers' case. Mr. Tenney should receive similar consideration.

The government also fails to allege that any threats were made by Mr. Tenney. Rather, the government alleges that Mr. Tenney pointed his finger at an officer and said, "we are one of you." This is the opposite of a threat and supports Mr. Tenney's position that any contact between him and police was non-threatening, incidental, and not intended to cause any physical harm. Most importantly, Mr. Tenney did not cause any physical harm to anyone in or around the Capitol building.

In its memorandum, the government makes a tepid attempt to assign the behavior of all January 6 participants to Mr. Tenney. ECF No. 73 at pg. 49-50. The government fails however, to explain why this conduct was not also attributed to Mr. Youngers. Mr. Youngers was with Mr. Tenney before, during and after the entry of the Capitol building and received a probationary sentence for a non-felony offense. Mr. Tenney should be held accountable for his actions, not the entirety of an unprecedented event in U.S. history.

The government makes a great deal of the behavior of Mr. Tenney and Mr. Youngers at a point where Mr. Youngers appears to stand in Mr. Tenney's way as Mr. Tenney walks toward Officer B.A. The claim that Mr. Youngers is holding Mr. Tenney back from a physical confrontation is a complete mischaracterization and entirely at odds with the facts. Mr. Tenney indeed approaches B.A. after B.A. was

thrown to the ground by another individual. Mr. Youngers stepped in front of Mr. Tenney because B.A. had just been thrown to the ground and another officer told everyone to stay back, a sequence of events that Mr. Tenney did not witness. Mr. Tenney then approaches B.A. and they talk, Tenney telling him that "we are one of you." After this exchange, B.A. turns his back to Mr. Tenney and walks away. Mr. Tenney never harmed B.A. or threatened him, and Mr. Youngers was not holding him back.

The government fails to demonstrate how any of these events arise to causing or threatening to cause physical harm or injury or property damage, justifying an 8-level enhancement and its request for 4 years in prison. They fail to demonstrate that a custodial sentence is not greater than necessary to satisfy §3553(a).

The government also mischaracterizes the interactions between Mr. Tenney and J.G. Mr. Tenney admits that he pushed the Rotunda doors open. He did this because of the chaos outside. The government argues that Mr. Tenney's contention could not be true because he could not have opened the doors if people were pressed against them. The video clearly shows however, that people broke the glass on the windows and that a lot of effort was needed to open them, they were not simply pushed open. The video also shows Mr. Tenney speaking with Capitol personnel as he guides a protester into the building. After entering the building, this protestor reclines on a nearby stair-case, clearly in discomfort either from an injury or the effects of tear gas.

His only interactions with J.G. were during his effort to open the Rotunda

doors. He did not push J.G. into the doors, he wedged himself next to J.G. to push against the doors. It is clear from the video that his actions were intended only to open the doors, not to injure or threaten J.G. or to damage the doors. Their contact with one another is a result of the chaos outside, jostling with the crowd immediately outside the doors.

The government also cites an instance where another officer, J.M.G., enters the building and Mr. Tenney pushes him to the side. This is within the context of Mr. Tenney guiding people, mostly demonstrators, into the building, putting his hands on a number of them. The government fails to demonstrate how Mr. Tenney's interaction with J.M.G. caused physical injury or threatened to do so.

Mr. Tenney acknowledges that his conduct was not identical to that of Mr. Youngers and this is evident in the vast differences of their charges and guilty pleas. But the difference in their behavior does not warrant the disparity between a probationary sentence and 4 years in prison.

The government requests 4 years in prison for conduct which they characterize as pushing, grabbing, locking arms, "jabbing his finger," and pressing against a door, "which could have jammed or otherwise damaged it," and for yelling, "stand up patriots," and "we are one of you." For this, they request 4 years in prison, when the co-defendant Darrell Youngers was given probation for picking up and possessing a broken piece of glass, grabbing and pulling an officer's arm away from Mr. Tenney and screaming, "this is what a revolution motherfucking looks like!"

Mr. Tenney also notes a similar case against Matthew Mark Wood, case

number 1:21-cr-223, in which the government asked for 51 months and alleged that the defendant spent over an hour in the Capitol, chasing officers, entering the Speaker's office area and spending time at the front lines of direct clashes with Capitol officers. Mr. Wood was sentenced on November 28, 2022 to 36 months of probation with the first 12 months to be served on home detention with location monitoring.

     Unlike Mr. Youngers, Mr. Tenney is a convicted felon. Mr. Tenney lost his job, his health care and retirement. Mr. Tenney will struggle to provide for his 3 children as a convicted felon. A custodial sentence would fail to avoid unwarranted sentencing disparities and reflect George Tenney's life history as a law-abiding, hard-working man. The punishment of years of government supervision, a felony conviction and enormous personal loss have been more than adequate to reflect the seriousness of Mr. Tenney's conduct. It should also be noted that Mr. Tenney has spent nearly 17 months on bond and has had no trouble complying, indicating that he is an ideal candidate for probation.

     He respectfully asks this Honorable Court to deny the government's harsh request and consider varying from the sentencing guidelines. He requests a non-custodial sentence or a sentence of home confinement so that he can continue to provide for his children and continue the reform efforts he has already undertaken in his personal life.

                                                  Respectfully submitted,
                                                  *s/Charles W. Cochran*
                                                  Charles W. Cochran
                                                  Assistant Federal Public Defender
                                                  Charleston, South Carolina
                                                  (843) 727-4148

December 2, 2022