**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GEORGE AMOS TENNEY, III, <br><br> Defendant. | Criminal Action No. 21-640 (CKK) |

**MEMORANDUM OPINION**
(October 25, 2024)

Pending before this Court is Defendant George Amos Tenney's [81] *Pro Se* Motion for Sentence Relief/Reduction under Amendment 821 ("Def.'s Amendment 821 Mot."); Defendant's [82] *Pro Se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence ("Def.'s Sec. 2255 Mot."); and the Government's [83] Opposition to Defendant's Motions.[1] Upon review of the pleadings, the relevant legal authorities, and the entire record, and for the reasons set forth herein, this Court DENIES Defendant George Tenney's [81] Amendment 821 Motion for Reduction of Sentence and Defendant's [82] Section 2255 Motion.

**I. BACKGROUND**

On June 30, 2022, pursuant to a plea agreement, Defendant George Tenney (hereinafter "Defendant" or "Mr. Tenney") entered a plea of guilty to Count One, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), and Count Two, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), in his Indictment. *See* Plea Agreement, ECF No. 51, at 1 (noting that the Civil Disorder charge carries a "maximum sentence of 5 years of imprisonment"). The Government explains that:

---

[1] Defendant did not file a reply to the Government's opposition.

1

> [T]he plea agreement included the parties' agreement on the estimated offense level under the Guidelines. [Plea Agreement] ¶4. The parties agreed that the total offense level for Count One was 13, using the U.S.S.G. §2A2.4 guideline to calculate the base offense level for the violation of 18 U.S.C. §231(a)(3). *Id.* ¶4(a). The agreement also stated that the parties agreed that the total offense level for Count Two was at least 17, based on a base offense level of 14 pursuant to U.S.S.G. §2J1.2(a), and an additional three points for substantial interference pursuant to U.S.S.G. §2J1.2(b)(2). *Id.* The defendant reserved the right to contest an additional eight-point enhancement under §2J1.2(b)(1)(B), which the government argued applied because the defendant's conduct caused or threatened physical injury or property damage in order to obstruct the administration of justice. *Id.* The parties further agreed that, assuming the defendant accepted responsibility, a three-level reduction would be appropriate pursuant to U.S.S.G. §3E1.1. *Id.* Accordingly, the total estimated offense level would be 22 (if the eight-point enhancement applied under §2J1.2(b)(1)(B)) or 16 (if it did not). *Id.*

Govt. Opp'n, ECF No. 83, at 24-25. Mr. Tenney's offense level of 22, Criminal History I, resulted in a calculated sentencing guidelines range of 41 to 51 months imprisonment. *See* Presentence Report ("PSR"), ECF No. 71 ¶¶54-64, 105.

On December 5, 2022, the Honorable Thomas F. Hogan sentenced Mr. Tenney to a term of 36 months incarceration, followed by 36 months of supervised release and ordered him to pay restitution in the amount of $2,000.00, and a special assessment of $100.00. *See* Judgment, ECF No. 78. At sentencing, Judge Hogan discussed with counsel the "unresolved" objection regarding "the enhancement . . . to the sentencing guidelines of eight points" added for the obstruction count. December 5, 2022 Sentencing Transcript, ECF No. 80, at 3:7-10. At the conclusion of their discussion, Judge Hogan stated that "[t]he Court is convinced that the 8-level enhancement . . . should apply here [because] [i]t's supported by the weight of authority by other judges in this Court as well as the facts and the circumstances of this case, after considering the arguments of counsel; and [that the Judge] ha[d] reviewed the videos previously." Sent. Tr., ECF No. 80, at 20:10-16.

During sentencing, Judge Hogan explained twice that Mr. Tenney could appeal "the

2

guidelines, as [he] ha[d] determined them, over the objection of [defense] counsel," Sent. Tr., ECF No. 80, at 41:14-17, and the fact that Judge Hogan had "overrule[d] an objection to the guideline range" and "gave [Mr. Tenney] a longer range than if [Judge Hogan had] accepted the guideline range [defense] counsel suggested[.]" Sent. Tr., ECF No. 80, at 51:14-17; *see also* Plea Agrmt., ECF No. 51, at ¶4 (reserving the right to oppose the eight-level adjustment). Furthermore, Judge Hogan noted that "under 28 U.S.C. 2255, [Mr. Tenney] ha[d] a right to challenge this conviction or the sentence imposed if [he] [found] new and currently unavailable information that becomes available to [him] that [he] d[id]n't know about now . . ." Sent. Tr., ECF No. 80, at 51:18-22; *see also* Plea Agrmt., ECF No. 51, at ¶9E (waiving the right of collateral attack under Section 2255 "except to the extent such a motion is based on newly discovered evidence or on a claim that [Defendant] received ineffective assistance of counsel").

After Defendant's sentencing, the Sentencing Commission retroactively amended the Sentencing Guidelines to reduce the total offense level by two points for defendants without any criminal history points, if they meet certain criteria:

> 1. the defendant did not receive any criminal history points from Chapter 4, Part A;
> 2. the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> 3. the defendant did not use violence or credible threats of violence in connection with the offense;
> 4. the offense did not result in death or serious bodily injury;
> 5. the instant offense of conviction is not a sex offense;
> 6. the defendant did not personally cause substantial financial hardship;
> 7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> 8. the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> 9. the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> 10. the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaging in a continuing criminal enterprise, as defined in 21 U.S.C. §848.

U.S.S.G. §4C1.1(a) (Adjustment). This Amendment is commonly referred to as Amendment 821,

part B, and its retroactive application took effect on February 1, 2024.

In his Amendment 821 Motion, Defendant requests a reduction of his sentence based on application of U.S.S.G. §4C1.1(a). Defendant proffers that he is a "nonviolent" offender, and he outlines his rehabilitation and proposed release plan. Def.'s Mot., ECF No. 81 (noting further that he is "not an attorney so [he] respectfully request[s] that the court appoint counsel"). In his Section 2255 Motion, Defendant challenges the imposition of the point adjustments, and he seeks to correct the calculation of his advisory Guidelines range.

The Government opposes Defendant's Amendment 821 motion on two grounds: (1) that Mr. Tenney is ineligible for application of U.S.S.G. §4C1.1(a) because "his offense involved violence"; and (2) even if eligible, the Section 3553(a) factors counsel against granting such reduction "given [Defendant's] violent effort to stop the certification." Govt. Opp'n, ECF No. 83, at 1. The Government opposes Defendant's Section 2255 Motion on grounds "none [of Defendant's claims] are cognizable on habeas review, and they are procedurally barred by his plea agreement, the one-year limitations period, and [Defendant's] failure to file a direct appeal." Govt. Opp'n, ECF No. 83, at 1.

Addressing first Defendant's request for appointment of counsel, the Court notes that Defendant provides no references to statutory or case law authority. The Court looks to 18 U.S.C. §3006A(a)(1), which provides for the appointment of counsel, *inter alia,* to persons charged with a felony, or a violation of probation or supervised release, or those facing loss of liberty or entitled to counsel under the Sixth Amendment. In this case, Defendant's request for counsel is made post-sentencing, while he is incarcerated, and it relates to assistance with a motion for a sentence reduction based upon an amendment to the Sentencing Guidelines, and as such, it is not encompassed within 18 U.S.C. §3006A(a)(1). Pursuant to 18 U.S.C. §3006A(a)(2)(B), the Court

4

may appoint counsel for a "financially eligible" person seeking relief under "section 2241, 2254, 2255 of title 28," when the "interests of justice so require." In this case, it is not in the interests of justice for counsel to be appointed to assist with Defendant's Section 2255 Motion, as the Motion may be denied summarily, as discussed herein.

The Court turns now to Defendant's Motions, which are ripe for resolution by this Court.[2]

## II. LEGAL STANDARD

### A. Amendment 821 Motion for Reduction of Sentence

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may move for a reduction in his term of imprisonment if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A defendant's motion for reduction is evaluated in two steps. *United States v. Wyche*, 741 F.3d 1284, 1292 (D.D.C. Cir. 2014). Step one involves determining whether the defendant is eligible for a reduced sentence and, if so, calculating the amended Guidelines range. *Dillon v. United States*, 560 U.S. 817, 826-827 (2010). A defendant is only eligible for a §4C1.1 reduction if: (1) the defendant has no criminal history points; (2) the defendant is not subject to any of the exclusionary criteria; (3) the amended guidelines range is lower than the range applied at the original sentencing hearing; and (4) the defendant did not previously receive a sentence at or below the bottom of the now-amended range other than for providing substantial assistance. *See* U.S.S.G. §§ 1B1.10, 4C1.1; *Dillon*, 560 U.S. at 827.

If a defendant is deemed eligible, step two requires that a court "consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances

---

[2] In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

of the case." *Id.* at 827. In so doing, a court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g., United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

If a court decides in its discretion to grant a sentence reduction, it generally may not reduce the term of imprisonment to a term that is less than the minimum of the new guideline range, U.S.S.G. §1B1.10(b)(2)(A), and "in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. §1B1.10(b)(2)(C).

### B. Motion Pursuant to 18 U.S.C. Section 2255

Section 2255 provides that a court can discharge or resentence a prisoner if: (1) the sentence was imposed "in violation of the Constitution or laws of the United States"; (2) the court was "without jurisdiction to impose [the] sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255(a). The scope of relief does not reach "every asserted error of law." *Davis v. United States*, 417 U.S. 333, 346 (1974). Relief under Section 2255 is an extraordinary remedy and is generally only granted if "the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The defendant bears the burden of sustaining contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973). It is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (citing *Frady*).

Appellate courts that have addressed this issue have found that a sentencing court's erroneous computation of an advisory guidelines range is not cognizable on collateral review.[3] *See, e.g., United States v. Foote*, 784 F.3d 931, 935, 939-940 (4th Cir. 2015), *cert den.*, 576 U.S. 1027 (2015); *United States v. Coleman*, 763 F.3d 706, 708-709 (7th Cir. 2014), *cert den.*, 575 U.S. 923 (2015) (noting that the court previously held that an error in calculating a guidelines range "did not constitute a miscarriage of justice for §2255"); *see also United States v. Hoskins*, 905 F.3d 97, 104 n.7 (2d Cir. 2018) ("Several circuits have concluded that sentences imposed pursuant to advisory Guidelines based on an erroneous or later invalidated career offender determination did not result in a complete miscarriage of justice sufficient to warrant collateral relief."), *cert den.*, 140 S. Ct. 55 (2019). In *United States v. Santay-Rosales*, No. 20-cr-243-RCL-2, 2023 WL 5221249, at *4 n.1 (D.D.C. Aug. 15, 2023), the Honorable Royce Lamberth noted that while "[t]he U.S. Court of Appeals for the District of Columbia Circuit has not addressed the question of whether a Sentencing Guidelines error is a cognizable claim on collateral attack pursuant to 28 U.S.C. §2255," most circuit courts addressing this issue have held it is not. *See also United States v. Folk*, 954 F.3d 597, 604 & n.7 (3d Cir. 2020) (agreeing and collecting more cases); *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1078 (9th Cir. 2021) (because the guidelines are only advisory, a "miscalculation of the guideline[s] cannot be a complete miscarriage of justice," as a court could impose the same sentence again) (internal citation omitted).

### III. ANALYSIS

#### A. Amendment 821 Motion for Reduction of Sentence

The Court begins its analysis of Defendant's Motion for Reduction of Sentence based on

---

[3] The Government notes that the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has not yet addressed this issue. Govt. Opp'n, ECF No. 83, at 32.

Amendment 821 by first considering whether Mr. Tenney is eligible for a reduced sentence under §4C1.1(a). The Court notes that Defendant bears the burden in seeking such sentencing reduction. *See United States v. Keleta*, 552 F.3d 861, 866 (D.C. Cir. 2009) (Kollar-Kotelly, J.). In this case, there is no dispute that Mr. Tenney did not receive any criminal history points and he meets most of the criteria of Section 4C1.1(a), but the Government contends that Defendant fails to satisfy the criterion that he "did not use violence or credible threats of violence in connection with the offense." §4C1.1(a)(3).

"In interpreting [the terms used in] the Sentencing Guidelines, the Court applies the ordinary tools of statutory interpretation and looks to the plain meaning of its terms." *United States v. Seefried*, 639 F. Supp. 3d 8, 10 (D.D.C. 2022) (string cite omitted). Plain meaning may be discerned by looking at the Guidelines' own definitions, if applicable. The Court notes that the term "use violence" is undefined by the Sentencing Guidelines. When no definitions are provided, the court may rely on dictionary definitions to determine meaning. *Kaufman v. Nielsen*, 896 F.3d 475, 485-87 (D.C. Cir. 2018). Finally, courts may look also to precedent to see how other courts have interpreted similar words and phrases. *Seefried*, 639 F. Supp. 3d at 10. An opinion from this district discusses dictionary definitions of violence in the context of application of Section 4C1.1, namely that violence is: "'[t]he use of physical force, typically 'accompanied by fury, vehemence, or outrage,' and 'unlawfully exercised with the intent to harm'" or the "exertion of any physical force so as to injure or abuse." *United States v. Pauline Bauer*, Criminal Case No. 21-386-2 (TNM), 1/29/2024 Mem. Op., ECF No. 195, at 4-5 (internal citations omitted).[4] A "credible threat

---

[4] In *Bauer*, the Honorable Trevor McFadden found that the defendant "both used violence and made credible threats of violence in connection with the offense," and was therefore ineligible for a two-point reduction under U.S.S.G. § 4C1.1 (a). Criminal Case No. 21-386-2, Mem. Order, ECF No. 195, at 9.

of violence" was defined as "a believable expression of an intention to use physical force to inflict harm." *Id.* at 6.

The appropriate inquiry regarding "use of violence or credible threats of violence" involves looking at Mr. Tenney's conduct on January 6, 2021. It is not the violence of others or general crowd violence that is the focus of this Court's inquiry. The Court must "evaluate a defendant's conduct in determining eligibility for a §4C1.1 adjustment" as opposed to "simply imput[ing] the "use of violence" to a defendant based on the action of others." *Bauer*, Criminal Case No. 21-386-2, ECF No. 195, at 8; *see also United States v. Stewart Parks*, Criminal Case No. 21-411-1 (APM), Nov. 15, 2023 Sent'g Tr., ECF No. 125 at 38:13-25, 39:1-4 (applying Section 4C1.1 to a defendant who was not charged or convicted of anything that involved physical harm but where the Government alleged the defendant was close to rioters who overran a group of officers, "notwithstanding [that defendant's] conduct [ ] clearly contributed to the chaos and the mayhem of the day and did so in a significant way").

In the instant case, the Government proffers that:

> Tenney assaulted three officers – pushing, shoving, jabbing his finger at them, yelling or speaking heatedly in their faces – and threatened to break down the Rotunda Doors. Specifically, he (1) pulled Sergeant at Arms employee J.G. by the shoulder, pushed him into the door frame, while exclaiming in J.G.'s face and jabbing his finger at him as J.G. sought to protect the Rotunda Doors; (2) locked arms with Officer B.A. and pushed him away; (3) shoved Officer J.S. to the side into a rioter: (4) threw his body weight against the Rotunda Doors at least four times to try to break them open; and (5) threatened officers with his body language and words, yelling "Stand up, Patriots, stand up"" and "we are one of you!"

Govt. Opp'n, ECF No. 83, at 33-34. The Government concludes that Mr. Tenney's conduct fits clearly within the definition of violence cited in *Bauer*, as he personally used "physical force" against police officers "when he shoved or pushed them," and this force was "accompanied by fury, vehemence, and outrage." Govt. Opp'n, ECF No. 83, at 34. The Government points to    Mr.

9

Tenney's social media statements that "reflect a belief that the country had been betrayed and that the country had been plunged into civil war." *Id.*; *see also id.* at 2-3 (referencing text messages referring to a revolution and asking how to "get involved" with a "revolution groups [ ] [l]ike proud boys, or any to the other the other American Patriot Militias"); at 3 (referencing a Facebook posting about "500k armed militia patriots [ ] in DC by the 4th"). The Government argues, and this Court agrees, that "[t]hese extreme beliefs reflected the outrage Tenney felt, the outrage upon which he acted that day" and furthermore, that his statements captured on video "manifest fury." Govt. Opp'n, ECF No. 83, at 34-35. "As Judge Hogan found in applying the +8 enhancement" during sentencing, "Tenney threatened to cause injury by his conduct," and he also "communicated a credible threat of violence to engage in still further attacks," including his throwing weight against the Rotunda Doors. *Id.* at 35. The Government concludes that in cases such as this "judges have rejected the application of 4C1.1" *Id., see United States v. Reyher*, 23-cr-138-5 (RBW), Feb. 27, 2024 Sent'g Tr., ECF No. 180, at 16 (finding that using one's body to push into officers was violent conduct or at least the threat of violence); *United States v. Zerkle*, 22-cr-100 (RBW), Feb. 22, 2024 Sent'g Tr., ECF No. 88, at 18-19 (finding a reduction inappropriate "when you cause your body to come in contact with another body and you do it with force"); *United States v. Hernandez*, 22-cr-42 (CRC), Nov. 21, 2023 Minute Order (noting that the defendant's conduct of joining in a group push and hitting an officer both evidenced either violence or credible threats of violence).

In the instant case, Mr. Tenney refers to himself as a "non-violent offender." Def.'s Amendment 821 Mot., ECF No. 81, at 1. But, based on Defendant's own words leading up to January 6, 2021, and his words and actions on January 6, 2021, this Court disagrees and finds that Mr. Tenney is not eligible for a Section 4C1.1 reduction because he used "violence or credible

10

threats of violence" in connection with the offense for which he was charged. Accordingly, there is no need for this Court's Amendment 821 inquiry to proceed to step 2 (looking at the Section 3553(a) factors), and Mr. Tenney's Amendment 821 motion shall be denied. The Court turns now to Mr. Tenney's Section 2255 motion.

### B. Section 2255 Motion

The Government notes that Mr. Tenney seeks relief under Section 2255 based on his claim pursuant to U.S.S.G. §4C1.1 and his claim that Judge Hogan erred by applying the +3 and +8 enhancements to his sentence under U.S.S.G. §§ 2J1.2(b)(2) and 2J1.2(b)(1)(B). Govt. Opp'n, ECF No. 83, at 38. As noted herein, the Court has rejected already Mr. Tenney's §4C1.1 claim. Furthermore, the Government notes that Mr. Tenney's retroactive §4C1.1 claim arises under 18 U.S.C. §3582(c), and a proceeding under that section "does not permit consideration of other sentencing determinations or collateral attacks." Govt. Opp'n, ECF No. 83, at 38. The Government proffers therefore that a habeas petition is not the proper vehicle for addressing this §4C1.1 claim since a motion to reduce a sentence pursuant to a Guidelines amendment raises "neither a claim of constitutional nor jurisdictional error." *Id.* (case citations omitted).

Similarly, the Government argues that Judge Hogan's calculations of +3 and +8 enhancements are "also not the proper subject of a motion under 28 U.S.C. §2255" because an "erroneous computation of an advisory guidelines range does not alter the statutory minimum or maximum sentences that define the boundaries of the sentencing court's discretion." Govt. Opp'n, ECF No. 83, at 39; *see Mistretta v. United States*, 488 U.S. 361, 396 (1989) (noting that the boundaries remain fixed by Congress). "So long as a district court considers the §3553(a) factors and imposes a sentence within the statutory limits for an offense, the criminal proceeding will not be infected with any error of fact or law of the fundamental character." *United States v. Folk*, 954

F.3d 597, 605 (3d Cir. 2020) (internal quotation marks and citation omitted). "Such a sentence is lawful and cannot be a complete miscarriage of justice." *Id.* The Government asserts that "every court of appeals to consider this issue has determined that a claim that a sentencing court erroneously computed an advisory guidelines range is not cognizable on collateral review." Govt. Opp'n, ECF No. 83, at 40 (string citing cases in support of this statement); *United States v. Foote*, 784 F.3d 931, 932, 935, 940 (4th Cir. 2015), *cert. denied*, 576 U.S. 1027 (2015). The Government concludes, and this Court agrees that "[b]ecause the Guidelines are advisory and merely one factor considered within a sentencing court's discretion," Govt. Opp'n, ECF No. 83, at 40, and because Mr. Tenney's sentence was lawful, his claims of Sentencing Guideline error do not warrant relief under Section 2255.

As further grounds to summarily deny Mr. Tenney's Section 2255 motion, the Government explains that the plea agreement in this case also bars Defendant's claims insofar as "the express terms of [his] plea agreement preclude him from collaterally attacking his conviction on any grounds except for ineffective assistance of counsel." Govt. Opp'n, ECF No. 83, at 40; *see* Plea Agreement, ECF No. 51, at 8 (Section E addresses collateral attack and restricts it a motion based on newly discovered evidence or ineffective assistance of counsel). Here, Mr. Tenney's challenges to the +3 and +8 enhancements do not involve newly discovered evidence or allegations of ineffectiveness, and accordingly, that waiver in the Plea Agreement should be enforced. *See United States v. Thomas*, 999 F.3d 723, 729 (D.C. Cir. 2021) (finding waivers of the right to appeal "generally enforceable" if it is "knowing, intelligent, and voluntary") (citation omitted); *United States v. Guillen*, 561 F.3d 527, 530 (D.C. Cir. 2009) (discussing waiver provisions and enforcing a waiver provision in a plea agreement).

As additional grounds for summarily denying Mr. Tenney's Section 2255 motion, the

Government raises the "1-year period of limitation" for motions brought pursuant to Section 2255. Govt. Opp'n, ECF No. 83, at 41 (citing Section 2255(f), which determines when the limitation period runs, and explaining why Mr. Tenney's claim is untimely under each of the 4 subsections, and further noting that the one-year period expired on December 21, 2021, more than a year before Mr. Tenney's motion was made). Moreover, the Government asserts that Mr. Tenney procedurally defaulted his claims by not filing a direct appeal before seeking relief under Section 2255. Where a defendant fails to appeal an alleged error at trial or sentencing, he is procedurally barred from raising that claim by means of a later collateral attack unless he shows cause for his failure to do so and prejudice resulting from his failure. *See Bousley v. United States,* 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *United States v. Hicks,* 911 F.3d 623, 627 (D.C. Cir. 2018) (a defendant's failure to raise a challenge to his conviction or sentencing on direct appeal results in that claim being procedurally defaulted, and as such, it may "be raised in habeas only if the defendant establishes [ ] cause for the default and actual prejudice arising from the alleged violation, . . . ") (internal quotation marks and citation omitted). Cause requires that a claim "is so novel that its legal basis [was] not reasonably available to counsel" at the time of appeal. *Bousley,* 523 U.S. at 622. In this case – even while the D.C. Circuit rejected the application of the enhancement in the January 6 context in *United States v. Brock,* 94 F.4th 39 (D.C. Cir. 2024) – "the applicability of the enhancements was an open question in the D.C. Circuit at the time of Tenney's sentencing, and judges in the district had disagreed, as the government identified in its sentencing memo, [and Defendant's] counsel actually did raise the +8 objection, and Judge Hogan advised Tenney at sentencing that he could appeal that finding[.]" Govt. Opp'n, ECF No. 83, at 43. Accordingly, Mr. Tenney lacks cause to excuse his failure to appeal, which is yet another ground for summarily denying his

13

Section 2255 motion. Considering that the type of challenge raised by Mr. Tenney is not cognizable on habeas review; the language of the plea agreement bars a Section 2255 challenge except under circumstances inapplicable here; the one-year bar precludes Defendant's sentencing enhancement claim; and Mr. Tenney's procedural default is without cause; in sum, this Court finds that Mr. Tenney's Section 2255 motion shall be summarily denied. A separate Order accompanies this Memorandum Opinion.

DATED: October 25, 2024

                                                /s/ Colleen Kollar-Kotelly
                                                COLLEEN KOLLAR-KOTELLY
                                                UNITED STATES DISTRICT JUDGE